Let me call the case. 3-12-04-04, people of the state of Illinois, Appalooke, by Laura DeMichael v. Bertha Richardson, Helen by Jessica Harrell. Ms. Harrell? The record will reflect that you're actually a 7-11 student, currently being supervised by Mr. Mines. Yes. You have a very good mentor there at the table. You may address the court. May it please the court? Good morning, your honors. My name is Jessica Harrell, senior law student arguing for the Appellate Defender's Office with consent of the client and through motion granted by the court, and I represent the defendant, Bertha Richardson. Mr. Richardson is before this court today, asking that the court reverse the previous ruling and remand for a new trial. Though two issues were raised in the brief, only one is disputed, and that is all that will be discussed today. And that is because Mr. Richardson's constitutional right to counsel of choice was denied when his request for a continuance was denied without the proper increase into the situation, his entire trial was compromised. The standard of review in this case is abuse of discretion. On September 21, 2011, Mr. Richardson was charged with unlawful possession of a firearm by a felon and aggravated unlawful use of a weapon. He asked for and was granted a continuance in November and January without objection from the state. The final trial date was set for February 27, but it was then delayed a day because the first judge who had been presiding over the matter had another case and Judge Brandt had to step in. On February 28, the day of trial, Mr. Richardson stated he did not wish to continue being represented by his current public defender and wanted time to obtain private counsel. This request was denied because the trial had been going on for too long and he could not afford his $3,000 for bail, so it was assumed that he could not afford a private attorney. Mr. Richardson was convicted and sentenced to 14 years. Even though the error in this case was not properly preserved through pre-trial or post-trial motions, this court can still review the issue under a plain error review because the denial of a defendant's right to counsel of choice is a structural error. The state in its brief does not dispute plain error review, it just argues that there was no error at all. The error in this case is that no consideration was given to Mr. Richardson's request before the denial of the continuance. In its brief, the state relies on People v. Segoviano, which seems to introduce a one-factor rule that if counsel isn't on standby waiting to take over the case, the request for continuance can be denied. But that case had a slightly different issue than this one. In Segoviano, the continuance was asked for by counsel so he could withdraw, and in this case, it was the defendant asking for continuance to obtain new counsel. The state's reliance on Segoviano is misplaced because a one-factor rule cannot be what the Segoviano court had in mind. Segoviano even cites other factors to be considered besides whether or not an attorney is on standby waiting to take over the case. Segoviano even cites to the diligence of the movement, the movement, a right to speedy trial and interests of justice. Other cases citing Segoviano also cite to other factors. And People v. Walter cites to Segoviano in saying that a one-factor test cannot be used for a request for continuance issue because they need to be reviewed on a case-by-case basis based on the facts of each situation. Some of the factors to consider are right to counsel, diligence, inconvenience of other parties, the timing, whether it is an attempt to delay the proceedings, the right of a speedy trial and the interests of justice. In this case, the most important factor to consider is Mr. Richardson's right to counsel of choice. That was the point of this request for continuance. He wished to find his own private attorney because he was dissatisfied with what his public defender strategy was for this case. And he has the right to choose an attorney as long as he can afford the attorney. In this case, the trial judge determined that because he cannot make $3,000 in bail, he cannot afford a private attorney. But there were no extra inquiries into the situation, whether or not his financial situation had changed between the time he was arrested in September and when the case went to trial in February. There was no indication that the court considered whether or not a family member or a friend who could not post bail at the time could now help him pay for an attorney. Another factor to consider is that the defendant had not waffled on this issue of counsel before. He had never asked for counsel before and then withdrawn. He had never stated dissatisfaction for his counsel and then chose to continue working with the public defender. This was the first instance that any kind of problem with his public defender had come to light. So that requires further consideration as to why he was asking for any counsel. May I interrupt you to ask a question? On February 27th, when they were in front of Judge Corey, was it the same public defender with the defendant that day? Yes, it was the same public defender. And the counsel stated they were ready to proceed, and the defendant didn't have an objection with his counsel that day? Correct. Do you think that was factored in by the trial judge the very next morning when the defendant doesn't want to address for jury trial and then he says, I'm not happy with counsel? It could have been, but Mr. Richardson stated when he asked for time to find a private attorney that the day before had been the first time he had been able to speak to his public defender about his case and that they disagreed on strategy. So it wasn't until after the proceedings the day before that he realized that he would not be able to work with his counsel. Another factor to consider in this case is that his request was made in advance of trial. No jury had been selected yet, and this is unlike a case that the state refers to in its brief, People v. Montgomery, because People v. Montgomery, the trial had already started. In this case, a jury was waiting to be selected, but they had not been selected yet. So they could have gone to another courtroom and served their duty as a jury member in another case. And so nothing was compromised in this case at that point. This is also not a very old case. He was arrested at the end of September, and the trial was at the end of February. That was five months. There are many other cases that can go on for much longer. And also, this was a new judge on the case that had just started the trial that day. If Judge Corey had been the judge deciding on this denial of the continuance, it would have been a different case, because Judge Brandt was not as familiar with the case and the matters behind it, and with the defendant himself. Did you have a chance to look at the cases that the state has filed with us as part of a motion to add authority? Yes. Did you have a chance to respond to timelines? Oh, we haven't yet. They were filed late? Yes. Another factor to consider is the inconvenience of the other parties. This includes the court, the witnesses, and the state. The witnesses involved, there were only two witnesses. They were police officers. Therefore, the state was already prepared with its case. And this is a very straightforward case that only took one day. But the best argument for inconvenience is they were inconvenienced the day before because of the court. Yes. But in this case, because it only took a day, there isn't as much inconvenience to reschedule just one more day. By way of being instructive, the argument is if it was not inconvenient to make them come back the next day because the court had a conflict, then what would be inconvenient about making them come back on another day because the defendant wanted another attorney? I hope you see my thinking. I'm just trying to be instructive. Maybe you don't. You'll think about it later when you listen to the argument. The state had already prepared its arguments, so a new private attorney with a different strategy would not have affected them very much at all. It was a trial that took only one day, so it was only one day that they would need to reschedule for it and reschedule only two witnesses. The defense didn't bring any witnesses or anything like that. The court itself wasn't inconvenienced too much. It is an inconvenience, but it wasn't inconvenienced too much because it could have looked at other cases that were on the call that Judge Brain had to recover. Judge Corey could have taken over the case as he was supposed to if he hadn't already had a conflict. Overall, in this case, the continuance was about right to counsel. There was no real inquiry into whether this was a delay tactic or if this was a sincere request. Because there was no real inquiry into it, it is reversible error. So because all of these factors were not properly considered, Mr. Richardson's request for a continuance was not properly considered itself, and this resulted in a reversible error, therefore this case should be reversed and remanded for new trial. Thank you. I have one little procedural question. Would you like some time to respond in writing to their motion? Yes, please. 14 days, would that be enough? That's fine. Thank you. Ms. DeMichel? So can you address my primary concern here? If the court continued the case because Judge Corey was busy, why not continue the case because the defendant wanted to hire private counsel? Well, the trial judge did not abuse his discretion. He might have been within his discretion to decide to continue it, but he didn't abuse his discretion in not deciding to continue it. He did consider the factors. He did consider the judge that granted the continuance specifically noted how long the case was pending. He noted that it was the morning of trial and that no prior request had been made. He noted that there was no indication the defendant would be able to hire private counsel, and the defendant didn't even seem to be able to believe he'd be able to hire private counsel. His defendant actually said he'd be more than happy to represent himself at that time without more time to hire an attorney. So the trial judge didn't abuse his discretion. He had the information that he needed in order to find a purpose of delay, and this is based on the Staple case. In Staple, the defendant made a request for a continuance to seek a private counsel on the morning of trial, and in that case the court found that the request for a continuance to seek private counsel was properly denied. The defendant in that case had actually consulted with an attorney, unlike in this case where the defendant just said he sought time to seek an attorney or would be more than happy to represent himself. But in Staple, even though the defendant had actually already consulted an attorney, she admitted she hadn't hired an attorney. And the court considered the fact that the request was made on the morning of trial, and also how long the case had been pending. And Staple discussed other cases where in as few as two and a half to four months, when the request was made on the day of trial, the purpose was for delay and the trial court did not abuse its discretion in granting the continuance. Well, you know, these judicial proceedings require some flexibility, such as we afforded you. The day before oral arguments, you're asking us to consider a new case law. So how is it not an abuse of discretion for the trial court to give him just a short continuance? It's the first continuance they requested. The defendant had actually requested two continuances before, and as far as these strategy concerns, the defendant's counsel did actually raise the strategy on the morning of trial. And our question here isn't whether the trial judge would have been within its discretion in granting the continuance. The question is whether it was within its discretion in denying it. And based on the Segoviano case, the Staple case, the Montgomery case, when the request is made the morning of trial, and the jury is ready to be selected, and in no time in the months before, or even the day before, when the party is announced ready for trial, at no point has the defendant ever raised concerns with his attorney. And his attorney had stated that on numerous occasions he had reviewed the police report with the defendant. On multiple times, he had read that report verbatim several times. The request just appeared to be for the purpose of delay. Defendant's own counsel noted that he refused to dress for trial that morning. And defendant's own counsel stated that he had some concerns over whether the defendant actually wanted to proceed to trial that day. So, if it's a matter of the discretion of the trial judge, he could have made another decision, but this is the decision he made, and this decision was within his discretion. And Segoviano makes this clear. The people believe Segoviano means what it says, and it has been followed by Montgomery, which Montgomery, the trial had not started yet. Jeopardy had not attached yet, and Montgomery, the request was made during the first recess during jury selection on the morning of trial. So those jurors could have similarly been let go to sit on another trial in that case, as in this case. And Segoviano basically states that there's no abuse of discretion in denying a motion for the substitution of counsel in the absence of ready and willing substitute counsel. And that case involved a request for the same reason to change counsel. And that it mentions the other factors does not mean it doesn't mean what it says regarding the ready and willing standby counsel, because it sets off that section with a however indicating that it views it as an exception to the previous factors it just stated. It also refers to the rule as well established, and Segoviano applies its own rule. The reasoning in Segoviano for denying the motion to continue was because defendant did not state that substitute counsel had been secured. In Segoviano, the timing is similar, it was also made pre-trial. So presumably, probably somewhere before the morning of trial, so this case is even less. If Segoviano had the request earlier, then the later the request is made should not differentiate it. And the people will recognize that the motion to add authority was filed very late in this case, so I would not be discussing those cases here. Defense, obviously time to respond to those in writing. But in the brief, the cases that did follow Segoviano are Montgomery and Staple as well. So where the case had been pending over five months, defendant never sought to hire private counsel at any time in the months leading up to trial, before the morning of trial, including the day before, when his own counsel announced ready for trial. And he didn't dress for trial that day, his own counsel questioned whether he wanted to go to trial. There's no indication he'd be able to retain private counsel, he had not talked to any attorney. He even said he'd be more than happy to represent himself without more time to hire an attorney, meaning it's not even a clearly unequivocal request for a continuance to seek private counsel. And there's no indication defendant could find private counsel who would pursue his desired strategy, and his appointed counsel actually did pursue his desired strategy. The denial of the request for a continuance to seek private counsel was not an abuse of discretion, and the people would ask that this court affirm defendant's conviction and sentence. Thank you. Thank you. May it please the court. On Roberto, I would just like to address the Scobiano issue about the well-established rule that if counsel is not on standby, the state holds that it is not an abuse of discretion to deny the request for a continuance. But as people believe that Basler states, in that case, that even though that can be a factor to consider, when a court fails to inquire into all the other factors, and whether or not a defendant is making this request as a delay tactic, or whether or not it's a sincere request, without making those inquiries at all, a reversal can be warranted, because all those things need to be taken into consideration. And also, as the state stated, that there was no indication that there was a compatible attorney out there that he could afford that would agree with his strategy. The court did not ask whether or not he had any indication. There was no inquiry into whether that was the situation or not. And because he was seeking private counsel, he should have still been able to have the opportunity to go look for an attorney that would be more compatible with him than his public defender. Are you familiar enough with the record to know whether there was a speedy trial demand or not? There was no speedy trial demand. Did the court inquire whether there were any speedy trial problems? There was no inquiry into that. Thank you. You did a nice job here today, under the guidance of Mr. Miles. We will be taking a short recess, confronting this case, taking it under advisement at least for 14 days, to give you an opportunity to respond. Does the state want another opportunity to respond to their response? So we will be rendering the decision no sooner than after we receive your response. And now we'll be in recess for a panel change.